Daniel, Judge,
 

 after stating the facts, proceeded as follows-: The plaintiff, as to Murphy, had an undoubted equity to have the bonds surrendered and cancelled. What is there in the case that puts the defendant in a better situation than his assignor ? The defendant says that he was only agent of the Bank in this transaction. But we think the facts ad
 
 *52
 
 mitted, in law, make him also the agenQof Murphy. But ^et us Put ^ie case *n ^ stl’ongest light against the plaintiff. Suppose the assignment of the bonds had been to the bank directly; still, if the bank had given no new credit, money or other consideration for the assignment, it could not. pretend to have an equity equal to that of the plaintiff although it' might have the legal title. Therefore the rule, where equity is equal the law shall prevail, could not have aided the bank. In the language of this court, in the case of
 
 Donaldson
 
 v.
 
 Bank of Cape Fear,
 
 1
 
 Dev. E. Rep.
 
 103, we would ask, what value did the defendant or the bank pay for the assignment ? Nothing — it was to secure a debt contracted before the assignment was contemplated. As regards expenditure, stood after, as it did before the assignment. Had the bank purchased with an antecedent debt, the extinguishment of the debt would have been value sufficient. But the judgment against Murphy, was not released or extinguished by the bank ; it stands in -full force now. The assignment is without'foundation, and as to the plaintiff void. The law, as just stated, was by this court affirmed in the case of
 
 Harris
 
 v.
 
 Horner,
 
 Ante 1st vol. 455._ We think the case clear against the defendant, and the plaintiff must have the decree prayed for. ■ '
 

 The cases 0tDr Cape Pear U Dev- Eq. Harris®, anteUrt yoI. p. 455)
 

 Per Curiam. Decree accordingly.